IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PAINTERS DISTRICT COUNCIL NO. 3 )
PENSION FUND, a Trust Fund, et al. )
                                                                                                    )
                    Plaintiffs, )
                                                                                                  ) No. 06-1024-CV-W-SWH
     v. )
                                                                                                  )
AMMON PAINTING COMPANY, )
                                                                                             )
                    Defendant. )

**DEFAULT JUDGMENT**

       Upon the motion of the Painters District Council No. 3 Pension Fund, Painters District Council No. 3 Health and Welfare Fund and Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund, and their respective Trustees, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

       1.     Plaintiffs herein on the 19th day of December, 2007, filed their Complaint against the defendant herein; and

       2.     The defendant was served through its Registered Agent, S & B Corporate Services, Inc., by Special Process Server with a copy of the Summons and Complaint on the 26th day of December, 2006, at 4600 Madison, Suite 600, Kansas City, Missouri; and therefore the Court has jurisdiction over said defendant; and

       3.     This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. §1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of record or upon plaintiffs; and the plaintiffs have heretofore filed in the within cause on the 20th day of February, 2007, the following pleadings and caused the same to be mailed by certified mail, return receipt requested, to: S & B Corporate Services, Inc., Registered Agent for Ammon Painting Company, 4600 Madison, Suite 600, Kansas City, Missouri 64112:

    a. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure);

    b. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

    c. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

5. The Court entered a show-cause order on the _11th day of ___April_, 2007, directing defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: S & B Corporate Services, Inc., Registered Agent for Ammon Painting Company, 4600 Madison, Suite 600, Kansas City, Missouri 64112. Nevertheless, no proceedings have been made by defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered;

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Ammon Painting Company, and in favor of plaintiffs, Painters District Council No. 3 Pension Fund, Painters District Council No. 3 Health and Welfare Fund and Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund, and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

# COUNT I

1.    That the plaintiff, Painters District Council No. 3 Pension Fund, have and recover of and from the defendant, the sum of One Hundred Ninety-Eight Thousand Four Hundred Twelve and 20/100 ($198,412.20) Dollars as and for delinquent contributions for the period December 1, 2005, through December 26, 2006, Eighteen Thousand Nine Hundred Twenty-One and 05/100 ($18,921.05) Dollars representing liquidated damages on the unpaid contributions; Four Thousand Two Hundred Seventy-Four and 12/100 ($4,274.12) Dollars representing interest on the unpaid contributions; Two Thousand Thirty-One and 37/100 ($2,031.37) Dollars representing reasonable attorneys' fees; Fourteen Thousand Six Hundred Twenty-Five and 62/100 ($14,625.62) Dollars representing audit costs, for a **total of Two Hundred Thirty-Eight Thousand Two Hundred Sixty-Four and 36/100 ($238,264.36) Dollars**; and their costs herein incurred and expended and that execution issue therefore.

2.    Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period December 27, 2006, to date.

3.    That the plaintiff, Painters District Council No. 3 Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from December 27, 2006, to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Painters District Council No. 3 Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT II

1. That the plaintiff, Painters District Council No. 3 Health and Welfare Fund, have and recover of and from the defendant, the sum of One Hundred Ninety-Four Thousand Seventy-Eight and 72/100 ($194,078.72) Dollars as and for delinquent contributions for the period December 1, 2005, through December 26, 2006, Eighteen Thousand Four Hundred Eighty-Two and 76/100 ($18,482.76) Dollars representing liquidated damages on the unpaid contributions; Four Thousand One Hundred Eighty-Two and 36/100 ($4,182.36) Dollars representing interest on the unpaid contributions; One Thousand Hundred Eight Twenty-Eight and 23/100 ($1,828.23) Dollars representing reasonable attorneys' fees; Thirteen Thousand One Hundred Sixty-Three and 06/100 ($13,163.06) Dollars representing audit costs, for a **total of Two Hundred Thirty-One Thousand Seven Hundred Thirty-Five and 13/100 ($231,735.13) Dollars**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of

4

the collective bargaining agreements and Trust Agreement for the period December 27, 2006, to date.

3. That the plaintiff, Painters District Council No. 3 Health and Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from December 27, 2006, to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Painters District Council No. 3 Health and Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## **COUNT III**

1. That the plaintiff, Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund, have and recover of and from the defendant, the sum of Fourteen Thousand Four Hundred Four and 28/100 ($14,404.28) Dollars as and for delinquent contributions for the period December 1, 2005, through December 26, 2006; One Thousand Three Hundred Seventy-One and 77/100 ($1,371.77) Dollars representing liquidated damages on the unpaid contributions; Three Hundred Ten and 41/100 ($310.41) Dollars representing interest on the unpaid contributions;

5

Two Hundred Three and 14/100 ($203.14) Dollars representing reasonable attorneys' fees; One Thousand Four Hundred Sixty-Two and 57/100 ($1,462.57) Dollars representing audit costs, for a **total of Seventeen Thousand Seven Hundred Fifty-Two and 17/100 ($17,752.17) Dollars**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period December 27, 2006, to date.

3. That the plaintiff, Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from December 27, 2006, to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Painters District Council No. 3 Apprenticeship, Health and Safety Training Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.


      /s/ Gary A. Fenner
UNITED STATES DISTRICT JUDGE

DATED: 9/28/07